# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| : | |
| **LIVINGSTON RAYMOND,** : | **CASE: 16-59238-PWB** |
| **MARIE CADETTEL RAYMOND,** : | |
| **DEBTORS.** : | |
| : | |

## MOTION TO DISMISS

COMES NOW, Guy G. Gebhardt, the Acting United States Trustee for Region 21, and through the undersigned attorney, hereby moves the Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(3). In support of the motion the Acting United States Trustee respectfully states as follows:

### JURISDICTION AND FACTUAL BACKGROUND

1. The Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(3).

2. Pursuant to an order entered by this court on August 31, 2016, the deadline for filing such a motion is October 31, 2016, and therefore this motion is timely filed. [Docket No. 27].

3. On May 27, 2016, Livingston Raymond and Marie Cadettel Raymond (the "Debtors"), filed a voluntary petition under chapter 7 of Title 11 of the United States

Code. Cathy Scarver (the "Chapter 7 Trustee") was appointed chapter 7 trustee in this case and continues to serve in that capacity.

4. On June 28, 2016, the Chapter 7 Trustee commenced the 11 U.S.C. § 341 meeting of creditors (the "341 Meeting"). The 341 Meeting was thereafter adjourned to July 26, 2016, at which time the Chapter 7 Trustee concluded the 341 Meeting.

5. On August 19, 2016, the United States Trustee conducted Debtors' examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004 Exam"). During the Rule 2004 Exam, upon questioning by the United States Trustee, Debtors provided sworn testimony regarding the events leading up to the filing of the case. According to Debtors' testimony, they purchased two high-end automobiles (new BMW *and* a new RAV4) shortly before filing their chapter 7 petition.

6. The purchase of an unnecessary luxury good merely weeks prior to bankruptcy amounts to the bad faith by the debtors warranting dismissal of the case. *In re Hageney*, 422 B.R. 254 (Bankr. E.D. Wash. 2009). In *Hageney*, the debtor purchased a new 2009 Victory motorcycle for $20,000 after consulting an attorney regarding potential bankruptcy filing and only ten weeks before commencing the Chapter 7. *Id.* at 261. Four months prior, the debtor traded a motorcycle for a Toyota car because he believed the motorcycle was impractical. *Id.* at 261. Even though the debtor justified the purchase of the new motorcycle as an avenue to save money, the court determined the debtor's actions to be bad faith. *In re Hageny*, 422 B.R. at 262. The court reasoned that since the new motorcycle unnecessarily increased the debtor's monthly payment obligations and occurred to the detriment of the debtor's unsecured creditors. *Id.* at 262.

7. Debtors here acted in bad faith when they purchased two luxury vehicles shortly before filing bankruptcy. Just as the debtor's purchase of a new motorcycle in *Hageney* was an unnecessary luxury, Debtors' purchases of a new BMW *and* a new RAV4 the month before filing bankruptcy are also unnecessary luxuries. Debtors claim that the garnishment of their wages was the impetus for filing Chapter 7 bankruptcy. They received notice in December 2015 that Debtor wife's wages would begin to be garnished in January 2016. Subsequently, Debtors "took a gamble" that Debtor husband's wages would not be garnished as well and purchased a new X5 BMW for $55,000 on January 27, 2016. Debtor husbanded needed a reliable vehicle to transport him to and from work each day. However, Debtors upgraded the vehicle selection to a luxury car, reasoning that it was time for Debtor husband to do something nice for himself. Less than a week after purchasing the BMW, Debtors decided to purchase a second new car for Debtor wife. On February 2, 2016, Debtors purchased a new Toyota RAV4 for $33,000, believing this was a wise economic decision because the transaction required no money down and the Debtors had good credit. Debtors met with an attorney to discuss potential bankruptcy on or about the same time they purchased the new vehicles.

8. Not long after the purchase of the two new cars Debtors husband's wages were garnished by an existing creditor. Shortly thereafter, Debtors filed bankrupty. In the midst of an already stretched budget, Debtors made the poor economic decision to increase their monthly expenses by $1,290.

9. Just as the court in *Hageney* deemed the luxury purchase an act of bad faith because it worsened the debtor's insolvency, Debtors' luxury purchases here also worsened their insolvency by increasing their monthly expenses. It is at the expense of the unsecured creditors that the debtors' purchases occurred.

10. The lack of thoughtful and responsible reasoning in the purchase of unnecessary luxury vehicles supports a finding of bad faith in the filing of the Chapter 7 petition, warranting dismissal of the case under §707(b)(3)(A).

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to grant the motion to dismiss.

>GUY G. GEBHARDT
>ACTING UNITED STATES TRUSTEE, REGION 21
>
>*s/ Martin P. Ochs*_____
>MARTIN O. OCHS
>NY Bar No. MO-1203
>GA Bar No. 091608
>United States Department of Justice
>Office of the United States Trustee
>362 Richard B. Russell Building
>75 Ted Turner Dr., S.W.
>Atlanta, GA 30303
>(404)-331-4437
>martin.p.ochs@usdoj.gov

# CERTIFICATE OF SERVICE OF UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO SECTION 707(b)(3)

I certify that on, October 25, 2016, I caused a copy of this motion to be served by first class, United States mail service, with adequate postage to ensure delivery to:

Livingston Raymond
3002 Valley View Circle
Powder Springs, GA 30127-1865

Marie Cadettel Raymond
3002 Valley View Circle
Powder Springs GA 30127-1865

Larry J. White
4406 Marietta Street
P.O. Box 1106
Powder Springs, GA 30127-7106

Cathy L. Scarver
P.O. Box 672587
Marietta, GA 30006

This the 25th day of October, 2016.

        s/ Martin P. Ochs
        MARTIN O. OCHS
        NY Bar No. MO-1203
        GA Bar No. 091608