INT THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| | * | |
| LIVINGSTON RAYMOND, and | * | CASE NO. 16-59238-PWB |
| MARIE CADETTEL RAYMOND, | * | |
|     DEBTORS | * | |
| | * | |
| | * | |

## RESPONSE TO MOTION TO DISMISS

COME NOW the Debtors, LIVINGSTON RAYMOND and MARIE CADETTEL RAYMOND, and file this their Response To Motion To Dismiss, and show to the Court as follows:

1. Debtors admit that the Court has jurisdiction in this case.

2. Debtors admit that the Motion is timely filed.

3. Debtors admit that they filed for relief under Chapter 7 on May 27, 2016.

4. Debtors admit that the Section 341 Meeting of Creditors was commenced on June 28, 2016 Continued until July 26, 2016 and was then concluded.

5. Debtors admit that the United States Trustee conducted Debtors' examination on August 19, 2016 during which the Debtors provided testimony regarding facts leading up to the filing of their Chapter 7 petition. Debtor further admit that they purchased new automobiles prior to the filing of their petition, but deny that they were purchased shortly before the filing. Debtors further show that the Toyota Rav 4 was purchased on January 23, 2016, and the BMW was purchased on January 27, 2016. Both purchases being some 4 months prior to their filing for relief.

6. The United States Trustee brings this Motion relying on the case of <u>In Re Hageney</u> , 422

BR 254 (Bankr. E. D. Wash. 2009).  In Re Hageney can be distinguished in this case.  In Hageney Debtor purchased a new motorcycle shortly after discussing filing bankruptcy with an attorney, and shortly after purchasing a new luxury truck.  The court in that case ruled that the motorcycle was unnecessary for debtor's reorganization, and was an unnecessary expense.

In this case, the Debtors purchased vehicles for the purpose of getting to and from their places of employment.  The vehicles were purchased in January of 2016, some 3 months prior to consulting with an attorney on April 28, 2016, and some 4 months prior to the filing of their petition.

Also, in Hageney there was evidence that the Debtor was having trouble meeting their monthly obligations, and were behind on their payments, and were seeking a loan modification with their mortgage company at the time of the purchase of the motorcycle.  In this case, there is no indication that debtors were not able to meet their monthly obligations at the time they purchased the vehicles.

7. Debtors deny that their actions were in bad faith.  The vehicles were not purchased shortly before the filing of their petition, but were some 4 months prior to filing.  Debtors show that the purchases were in January prior to their filing in May.  Also, debtors show that they purchased the BMW prior to the purchase of the Toyota Rav 4.

Debtors admit at the time of the purchase the wife's wages were being garnished, but show that their income was sufficient to absorb the garnishment of the wife's wages, and still be able to meet their monthly obligations after the purchase of the new vehicles.

Debtors deny that they met with an attorney on or about the same time that they purchased the new vehicles.  Debtors show that the first meeting with an attorney to discuss the possibility of filing bankruptcy was not until April 28, 2016, some 3 months after purchasing the new vehicles

in January of 2016.

8. Debtors admit that the husband's wages were garnished some time after the purchase of the vehicles, but deny that the purchase was a poor economic decision, as their budget was not stretched at the time of the purchase, but that they had no significant hardship in making their monthly obligations, including the payments on the new vehicles.

9. Debtors deny that their actions were in bad faith, and for the reasons stated in Paragraph 6 of this Response show that Hageney is distinguishable from their case.

10. Debtors again deny that their actions were in bad faith, and deny that they support a finding warranting dismissal of the case under §707(b)(3)(A).

WHEREFORE, Debtors pray that the Court deny the Motion to Dismiss, and that the Court grant such relief as the Court deems appropriate.

/s/ Larry J. White
Larry J. White
Attorney for Debtors
State Bar No.: 754550

P. O. Box 1106
Powder Springs, GA 30127
(770) 222-1400
lwhiteattorney@bellsouth.net

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing Response to Motion to Dismiss by placing a copy of same in the United States Mail with adequate first class postage affixed thereon, and addressed as follows:

Martin O. Ochs
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S. W.
Atlanta, GA 30303

Cathy L. Scarver
Chapter 7 Trustee
P. O. Box 672587
Marietta, GA 30006

This 22nd Day of November, 2016.

                                                /s/ Larry J. White
                                                Larry J. White
                                                Attorney for Debtors
                                                State Bar No.: 754550

P. O. Box 1106
Powder Springs, GA 30127
(770) 222-1400
lwhiteattorney@ bellsouth.net